**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL WITHERS,**
      **Petitioner,**

    **v.**

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**
      **Respondent.**

**Case No. 2: 15-cv-129**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

On March 4, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition. This matter is before the Court on Petitioner's *Objection* (Doc. 4) to the Magistrate Judge's *Report and Recommendation*.

Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 4) is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action hereby is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

Petitioner objects to the Magistrate Judge's *Report and Recommendation*. Petitioner states that he is not challenging his April 8, 2005, convictions, as he indicated in his *Petition* (Doc. 1 at 1), but the state court's denial of his May 201[1][1] request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), which, he contends, the Ohio courts improperly construed as

---

[1] Petitioner's reference to a May 2012 motion for a hearing under *Franks* appears to be a typographical error. This Court is unable to locate any such filing.

a petition for post conviction relief. Petitioner objects to the Magistrate Judge's reference to a legal citations and statutes as unfair. He argues that, because the Court previously dismissed his habeas corpus petition on the basis of procedural default there was no adjudication on the merits, and this action does not constitute a successive habeas corpus petition. Petitioner alternatively argues that he meets the requirements for consideration of his successive petition.

The Ohio Tenth District Court of Appeals indicates that in May 2011, Petitioner filed a motion for a hearing pursuant to *Franks* in which he sought to challenge the affidavit police submitted in support of his arrest and search warrants related to his April 2005 convictions on charges involving sexually oriented offenses with his minor step-children, and pandering sexually oriented matter involving a minor. The state trial court construed Petitioner's motion as a petition for post conviction relief under O.R.C. § 2953.21, and dismissed it as untimely and barred under Ohio's doctrine of *res judicata*. *State v. Withers*, Nos. 12AP-865, 12AP-868, 2013 WL 5436524 (Ohio App. 10th Dist. September 26, 2013):

> Clearly, by his May 20, 2011 motion, Withers sought to vacate his sentence on the basis that his constitutional rights had been violated in the issuance of both the arrest and search warrants. Moreover, his May 2011 motion is a collateral challenge to the validity of his conviction in a criminal case.

*Id*. at *2.

As indicated by the state appellate court, Petitioner still challenges the constitutionality of the same April 2005 convictions he previously challenged in his prior federal habeas corpus petition. This remains true regardless of whether he now seeks to raise new and different grounds for relief or challenge the denial of a motion filed after the dismissal of his prior § 2254 petition. *See Warren v. Burt*, 2013 WL 3014161, at *2 (W.D. Mich. June 17, 2013) ("A second petition is one which alleges new and different grounds for relief after a first petition was

denied.") (citing *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993)). For the reasons indicated in the Magistrate Judge's *Report and Recommendation*, this Court therefore is without jurisdiction to consider his claims, absent authorization for the filing of a successive petition. Further, the Court's prior dismissal on the basis of a procedural default is considered to be an adjudication on the merits that will preclude the filing of a second 2254 petition. *Id.* (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)). Courts are entitled to rely on cases and statutes, and they are available in libraries and public databases. Further, it is the United States Court of Appeals, and not this Court, that determines whether Petitioner can meet the requirements for consideration of a second § 2254 petition.

Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the foregoing reasons, Petitioner's *Objection* (Doc. 4), is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action hereby is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE